# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

NICHOLAS PATRICK,                                  )     No. SA CV 16-149-DMG (PLA)
                                                   )
             Petitioner,                          )     **ORDER TO SHOW CAUSE RE: DISMISSAL**
                                                   )     **OF HABEAS PETITION AS**
       v.                                     )     **UNEXHAUSTED, AND/OR AS BARRED BY**
                                                   )     **THE YOUNGER ABSTENTION DOCTRINE,**
WASCO STATE PRISON,                                )     **AND/OR FOR FAILURE TO NAME A**
                                                   )     **PROPER RESPONDENT**
             Respondent.                          )
_____ )

      Nicholas Patrick ("petitioner") initiated this action on January 29, 2016, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). The Petition challenges his April 28, 2015, conviction in the Orange County Superior Court, case number 14WF2141, for possession for sale of a controlled substance (Cal. Health & Safety Code § 11378). (Pet. at 2). In the instant Petition, petitioner raises the following grounds for relief: (1) false arrest; (2) illegal search and seizure; (3) petitioner received incomplete information from the reporting officer and did not receive the police report or transcripts; (4) petitioner was arrested a second time for the "same charge -- failure to appear"; and (5) trial counsel provided ineffective assistance. (Pet. at 5-7).

      In his Petition, petitioner indicates that he appealed his conviction to the California Court of Appeal in Case Number G052450, alleging that the trial court "should have struck the 4th strike

instead of staying it."  (Pet. at 2).  According to petitioner, on December 10, 2015, the California Court of Appeal remanded the matter to the trial court either "to impose prior prison terms, or issue in its minutes its statements of reasons if it elects to strike them."  (Pet. at 3).  However, the California Court of Appeal docket for Case Number G052450 reflects only that the matter has been fully briefed, and that oral argument is deemed waived; thus, it appears that as of the date of this Order, a decision from the California Court of Appeal is still pending.  Petitioner also states he has not filed a petition for review with the California Supreme Court.  (Id.).  Neither has petitioner filed any habeas petitions in the state courts.  (Id.).

## A.   EXHAUSTION

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel.  See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000).  Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims.  O'Sullivan, 526 U.S. at 845.  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438

(1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830 (9th Cir. 1996); <u>Bland v. Cal. Dep't of Corr.</u>, 20 F.3d 1469, 1473 (9th Cir. 1994), <u>overruled on other grounds by</u> <u>Schell v. Witek</u>, 218 F.3d 1017 (9th Cir. 2000).  State remedies are not exhausted if an appeal or petition for post-conviction relief is still pending in state court.  <u>Sherwood v. Tomkins</u>, 716 F.2d 632, 634 (9th Cir. 1983) (if petitioner has a pending state appeal, he "must await the outcome of his appeal before his state remedies are exhausted"); <u>Schnepp v. Oregon</u>, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies are unexhausted where a petition for post-conviction relief is still pending in state court).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  <u>See</u>, <u>e.g.</u>, <u>Brown v. Cuyler</u>, 669 F.2d 155, 158 (3d Cir. 1982).

Here, it appears that petitioner has not exhausted his state judicial remedies in connection with this matter.  First, he currently has an appeal pending in the California Court of Appeal.  Second, the claims raised in the instant Petition have not been raised to the California Supreme Court.[1]  (<u>See</u> Pet. at 2-3, 5-7).  As the instant Petition appears to be unexhausted, it is subject to being dismissed without prejudice.  <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

## B.   <u>YOUNGER</u> ABSTENTION

<u>Younger</u>[2] abstention is appropriate when:  (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions.  <u>Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 431, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); <u>Baffert v. Cal. Horse Racing Bd.</u>, 332 F.3d 613, 617 (9th Cir. 2003).  <u>Younger</u> abstention requires dismissal of the federal action.  <u>Beltran v. State of Cal.</u>, 871 F.2d 777, 782 (9th Cir. 1988).  <u>Younger</u> and its progeny are based on the interests of comity and federalism that counsel federal courts to

---

[1]   Indeed, it also appears that the claims raised in the Petition were not ever raised to the California Court of Appeal.  (<u>Compare</u> Pet. at 2 <u>with</u> Pet. at 5-7).

[2]   <u>Younger v. Harris</u>, 401 U.S. 37, 43-54, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

1   maintain respect for state functions and not unduly interfere with the state's good faith efforts to

2   enforce its own laws in its own courts.  Middlesex Cnty. Ethics Comm., 457 U.S. at 431; Dubinka

3   v. Judges of Super. Ct. of the State of Cal., Cnty. of L.A., 23 F.3d 218, 223 (9th Cir. 1994); Lebbos

4   v. Judges of Super. Ct., Santa Clara Cnty., 883 F.2d 810, 813 (9th Cir. 1989).  The Younger

5   rationale applies throughout appellate proceedings, requiring that state appellate review of a

6   conviction be exhausted before federal court intervention is permitted.  Huffman v. Pursue, Ltd.,

7   420 U.S. 592, 607-611, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975); Dubinka, 23 F.3d at 223 (stating

8   that even if the trial is complete at the time of the abstention decision, state court proceedings are

9   still considered pending).  Because petitioner presumably requests that this Court order the State

10  of California to dismiss the charges against him, and because the state appellate courts have not

11  yet had the opportunity to examine the merits of petitioner's constitutional claims, this Court must

12  abstain from intervening in the ongoing state criminal proceedings absent extraordinary

13  circumstances.  Younger, 401 U.S. at 46; see also San Jose Silicon Valley Chamber of Commerce

14  Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).

15      All of the Younger criteria are satisfied in this case.  First, as indicated in the Petition,

16  petitioner has an appeal pending in the California Court of Appeal.  (Pet. at 2-3).  Second, as

17  noted by the Younger Court, a state's task of enforcing its laws against socially harmful conduct

18  is "important and necessary," Younger, 401 U.S. at 52; thus, the ongoing state proceedings

19  implicate important state interests.  Third, petitioner has an adequate state forum in which to

20  pursue his claims.  See Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2

21  1 (1987) (a federal court should assume that state procedures will afford an adequate opportunity

22  for consideration of constitutional claims "in the absence of unambiguous authority to the

23  contrary").  Thus, to the extent petitioner seeks to have this Court preemptively issue an order

24  while his direct appeal is ongoing, such an order would threaten interference in the state criminal

25  proceedings in a manner that Younger disapproves.  See Younger, 401 U.S. at 44 (purpose of

26  restraint on equity jurisdiction is to leave states "free to perform their separate functions in their

27  separate ways").

28

4

Because the <u>Younger</u> requirements are satisfied in the present case, abstention is required unless extraordinary circumstances exist.   <u>See</u> <u>Colo. River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 n.22, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) (<u>Younger</u> abstention is not discretionary once the conditions are met).   Abstention is not appropriate if the state proceedings are being undertaken in bad faith, to harass, or are based on a "flagrantly and patently" unconstitutional statute (see <u>Middlesex Cnty. Ethics Comm.</u>, 457 U.S. at 435, 437) or, for instance, when the petitioner raises a "colorable claim of double jeopardy" in a pretrial habeas petition. <u>Mannes v. Gillespie</u>, 967 F.2d 1310, 1312 (9th Cir. 1992).  Additionally, irreparable harm alone is insufficient to warrant federal intervention unless the irreparable harm is both great and immediate.  <u>Pulliam v. Allen</u>, 466 U.S. 522, 538 n.17,104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984) ("When the question is whether a federal court should enjoin a pending state-court proceeding, even irreparable injury is insufficient unless it is both great and immediate.") (internal quotations omitted) (<u>quoting</u> <u>Younger</u>, 401 U.S. at 46).  Upon review of the Petition, it does not appear that the circumstances of petitioner's case fall within any recognized exception to the <u>Younger</u> doctrine.

For the foregoing reasons, it appears that <u>Younger</u> abstention is appropriate in this case. The Court emphasizes, however, that its disposition of the case under this principle would not bar federal review of any timely filed claims; rather, it would delay consideration of the claims until such time as federal review will not disrupt the state judicial process.

## C.    PROPER RESPONDENT

A petitioner seeking habeas corpus relief must name the state officer having custody of him or her as the respondent to the Petition.   <u>See</u> Rule 2(a), Rules Governing  Section 2254 Cases in the United States District Courts.  This person typically is the warden of the facility in which the petitioner is incarcerated.  <u>Stanley v. Cal. Sup. Ct.</u>, 21 F.3d 359, 360 (9th Cir. 1994); <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) (explaining that a federal habeas petitioner's immediate custodian is the only party that can actually produce "the body" of the petitioner); <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989) (holding that where a prisoner files a § 2241 petition challenging the manner of execution of his sentence, the "prisoner must

name the warden of the penitentiary where he is confined as respondent"); see also Ortiz-Sandoval v. Gomez, 81 F.3d 891, 895-96 (9th Cir. 1996), as amended (holding that California Director of Corrections may, under certain circumstances, be properly named as a respondent in a habeas action).  Failure to name the correct respondent deprives federal courts of personal jurisdiction. Stanley, 21 F.3d at 360; Dunne, 875 F.2d at 249.  As the current Petition does not name the proper respondent for a habeas proceeding, this Court lacks jurisdiction to entertain the action.

**D.   CONCLUSION**

For the foregoing reasons, **no later than March 2, 2016**, petitioner is ordered to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies, and/or pursuant to the Younger abstention doctrine, and/or for failure to name a proper respondent.  To avoid dismissal, petitioner must file proof with this Court **on or before March 2, 2016**, that each of his five grounds for relief herein has previously been presented to the California Supreme Court, by providing this Court with a complete copy of either the petition for review or state habeas petition raising each of those claims to the California Supreme Court.  Filing of such proof shall be deemed compliance with this Order to Show Cause.

If petitioner agrees that the action should be dismissed without prejudice as unexhausted and/or pursuant to the Younger abstention doctrine, and/or for failure to name the proper respondent, he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41").  Rule 41 allows for the voluntary dismissal of an action by a petitioner[3] without

---

[3]   Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." See also Hilton v. Braunskill, 481 U.S. 770, 776 & n.5 (1987) (Federal Rules of Civil Procedure may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing Section 2254 Cases).  The Rules Governing Section 2254 Cases do not contain a specific provision addressing voluntary dismissals.  See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both
(continued...)

prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987).  Respondent has not filed either an answer or a motion for summary judgment.  The Court clerk is directed to send petitioner a copy of a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" along with this Order to Show Cause.

**Petitioner is advised that his failure to timely respond to this Order, as set forth herein, will result in the action being dismissed as unexhausted, and/or pursuant to the Younger abstention doctrine, and/or for failure to name the proper respondent, as well as for failure to prosecute and follow Court orders.**

DATED:  February 2, 2016

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[3](...continued)
appropriate and consistent with the rules governing habeas cases"); Woods v. Knowles, 2003 WL 21767470, at *1 (N.D. Cal. July 23, 2003).  Thus, Rule 41, which otherwise governs such dismissals, is applicable to this habeas action.